# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal Action No. 6:07CR00028 |
| | ) | |
| v. | ) | |
| | ) | **2255 MEMORANDUM OPINION** |
| **STEWART THOMAS HOGAN,** | ) | |
| | ) | By: Norman K. Moon |
| Defendant. | ) | United States District Judge |

Stewart Thomas Hogan, through counsel, has filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. He argues that following the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), is unlawful because he no longer has the requisite number of convictions to support an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). ECF No. 35. The government agrees that Hogan's § 2255 motion should be granted and that he is entitled to relief. ECF No. 48. After careful review of the record and applicable case law, I agree with the parties and will grant Hogan's § 2255 motion.

## I.

On July 19, 2007, a federal grand jury indicted Hogan for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Hogan pleaded guilty, and a Presentence Investigation Report ("PSR") was prepared in anticipation of sentencing. The PSR recommended that Hogan be classified as an armed career criminal under the ACCA, 18 U.S.C. §§ 922(g) and 924(e). PSR ¶ 20, ECF No. 49. The PSR based Hogan's armed career criminal designation on the fact that he had six prior felony convictions, four convictions for Virginia burglary, one conviction for Virginia unlawful wounding, and one conviction for Virginia felonious assault. *Id.* ¶¶ 26, 29, 34, 35, 36, and 42. Because of the armed career criminal

designation, the PSR recommended an increased guideline imprisonment range of 188 to 235 months. *Id.* ¶ 67.

The court adopted the PSR recommendation, and sentenced Hogan to a total of 196 months' incarceration, and ordered that the sentence run concurrently with Hogan's Virginia state sentence. Judgment at 2, ECF No. 26. Hogan did not appeal.

In September 2015, pursuant to Standing Order 2015-5, the Federal Public Defender's Service for the Western District of Virginia was appointed to represent Hogan with regard to any claim he might have under *Johnson*. ECF No. 31. On April 25, 2016, Hogan sent a letter to the court asking whether the *Johnson* opinion affected his case because he was sentenced as an armed career criminal. ECF No. 33. Due to an error, the Federal Public Defender did not file a § 2255 petition on Hogan's behalf until April 25, 2017. ECF No. 39. Defense counsel filed an amended § 2255 on May 30, 2017.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Hogan bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

### A. Statute of Limitations

A petition under § 2255 must adhere to strict statute of limitations requirements before a court may address the merits of the arguments raised. Generally, a petitioner must file a § 2255 motion within one year from the date on which his judgment of conviction became final. 28

U.S.C. § 2255(f)(1). However, the statute allows for an additional one-year limitations period from the date on which the Supreme Court recognizes a new right made retroactively applicable on collateral review. *Id.* at § 2255(f)(3).

On April 25, 2016, Hogan filed a letter with the court asking whether *Johnson* affected his case. He then filed his § 2255 motion on April 25, 2017. The § 2255 motion was filed more than one year from the date of his amended judgment in 2011. However, the letter that Hogan filed with the court inquiring about the applicability of Johnson to his case was filed less than a year after the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551, on June 26, 2015. Accordingly, the court will construe Hogan's § 2255 petition as timely filed.

Moreover, the government agrees that Hogan is entitled to relief and has not asserted a statute of limitations defense, thereby implicitly waiving it. The government's decision not to assert a procedural bar may not be disregarded by this court. *See Wood v. Milyard*, 566 U.S. 463, 466 (2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse [the government's] deliberate waiver of a limitations defense."); *Day v. McDough*, 547 U.S. 198, 202 (2006) (noting that because a statute of limitations defense is not jurisdictional, courts are not obligated to consider *sua sponte* a time bar that has been deliberately waived); *see also Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999) (concluding that the government must argue procedural default as an affirmative defense). Therefore, I turn to the merits of Hogan's § 2255 petition.

**B. Hogan's ACCA Sentence**

1. <u>The ACCA Enhanced Sentence Structure</u>

Hogan argues that his predicate convictions for Virginia burglary and Virginia malicious wounding no longer support his status as an armed career criminal. Federal law prohibits

3

convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when defendants convicted of a § 922(g) charge have three or more prior convictions for "serious drug offenses" or "violent felonies," they qualify as armed career criminals under the ACCA. Armed career criminals face an increased punishment: a statutory mandatory minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

In *Johnson*, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA. 135 S. Ct. at 2563. The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court reviewed the second part of subsection (ii) of the violent felony definition. It concluded that the clause, known as the "residual clause," which provides, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court did not, however, strike down the other portions of the violent felony definition, which includes subsection (i), known as the "force clause," and the first part of subsection (ii), delineating specific crimes, known as the "enumerated crimes clause." *Johnson*, 135 S. Ct. at 2563 (noting that other than the residual clause, the Court's holding "d[id] not call into question . . . the remainder of the [ACCA's] definition of a violent felony"). Therefore, following *Johnson*, prior convictions that qualified as "violent felonies" under the residual clause

can no longer serve as ACCA predicates. The Supreme Court's decision in *Johnson* announced a new rule of constitutional law that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

2. <u>Virginia Burglary No Longer a Predicate Offense Under the ACCA</u>

Hogan is correct that his four convictions for Virginia statutory burglary, in violation of Virginia Code § 18.2-91,[1] no longer qualify as violent felonies. Although the ACCA lists burglary as one of the enumerated offenses, a defendant's prior conviction can qualify as a "burglary" under the ACCA only if it was a conviction for "generic burglary." The Supreme Court has defined generic burglary as: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 589, 598 (1990).

The Virginia burglary statute defines the crime of burglary more broadly than the generic definition. *Castendet-Lewis v. Sessions*, 855 F.3d 253, 260-61 (4th Cir. 2017) (noting that because the Virginia burglary statute criminalizes entry into locations other than a building or structure, it is broader than generic burglary). In addition, the Fourth Circuit has concluded that

---

[1] Virginia Code § 18.2-91 provides:

> If any person commits any of the acts mentioned in § 18.2-90 with intent to commit larceny, or any felony other than murder, rape, robbery or arson . . . he shall be guilty of statutory burglary."

Va. Code Ann. § 18.2-91 (2015). Virginia Code § 18.2-90, in turn, provides the elements of statutory burglary and currently reads:

> If any person in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house or an adjoining, occupied outhouse or in the nighttime enters without breaking or at any time breaks and enters or enters and conceals himself in any building permanently affixed to realty, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation, with intent to commit murder, rape, or robbery, he shall be deemed guilty of statutory burglary . . . .

Va. Code Ann. § 18.2-90 (2015). Section 18.2-90 has been amended over the years and Mixson was convicted under slightly differing versions as his Virginia statutory burglary convictions span from 1984 to 2009. However, the amendments were not substantive and do not alter the analysis of the opinion.

5

the Virginia burglary statute, § 18.2-90, is indivisible because it enumerates different factual means of committing the statutory offense of burglary, but does not criminalize separate crimes. *Id.* at 262. Because the Virginia statutory burglary statute is both broader than generic burglary and indivisible, it does not qualify as a generic burglary under the enumerated crimes clause of the ACCA and cannot be used to support an ACCA enhanced sentence. *United States v. Major*, 693 F. App'x 267, 268 (4th Cir. 2017) (unpublished) (concluding that a defendant's status as an armed career criminal could not stand because it was based on prior convictions for Virginia burglary). Because four of the six predicate convictions used to support Hogan's status as an armed career criminal were for Virginia burglary, he is entitled to relief.[2]

### III.

Hogan's ACCA sentence was premised on his Virginia burglary prior convictions, which no longer support his armed career criminal status. Accordingly, his sentence of 196 months is unlawful, as it exceeds the statutory maximum of 120 months for an 18 U.S.C. § 922(g) conviction without the ACCA enhancement. The court determines, and the parties agree, that a sentence of time served is appropriate in this case. He is, therefore, eligible for immediate release from prison. *See United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007); *see also United States v. Davis*, 708 F. App'x 767, 769 (4th Cir. 2017) ("[W]e conclude that the district court did not abuse its discretion in electing to correct Davis' sentence without holding a resentencing hearing."). An appropriate order will be entered this day.

**ENTER:** This 8th day of March, 2018.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Because his Virginia burglary predicate offenses no longer support his status as an armed career criminal, the court need not address Hogan's additional argument regarding the viability of his predicate offense for malicious wounding for ACCA purposes.

6